UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:08-cv-1735-VMC-TBM___

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED HOME SAVERS, LLP, | ) |
| a Florida limited liability partnership, | ) |
| | ) |
| STEPHANIE DIETSCHY, | ) |
| individually and as a partner, officer and/or | ) |
| manager of United Home Savers, and | ) |
| | ) |
| DARIN DIETSCHY, | ) |
| individually and as a partner, officer and/or | ) |
| manager of United Home Savers, | ) |
| | ) |
| Defendants. | ) |
| | ) |

STIPULATED PRELIMINARY INJUNCTION
WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF

Plaintiff Federal Trade Commission ("Commission" or "FTC"), pursuant to

Sections 5(a) and 13(b) of the Federal Trade Commission Act ("FTC Act"),

15 U.S.C. §§ 45(a) and 53(b), filed a Complaint for Permanent Injunction and Other

Equitable Relief and moved for a preliminary injunction pursuant to Rule 65(b) of the

Federal Rules of Civil Procedure.  Defendants United Home Savers, LLP, Stephanie

Dietschy, and Darin Dietschy stipulate and consent to the terms, conditions, and findings

of this Stipulated Preliminary Injunction with Asset Freeze and Other Equitable Relief as

set forth below and hereby consent to the entry thereof without the need of a hearing.

Whereas the Court has considered the complaint, declarations, exhibits, and memorandum filed in support of Plaintiff's application, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## FINDINGS OF FACT

1.   This Court has jurisdiction over the subject matter of this case and jurisdiction over all of the parties.

2.   The Complaint states a claim upon which relief may be granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b).

3.   Venue properly lies with this Court.

4.   There is good cause to believe that Defendants, United Home Savers, LLP, Stephanie Dietschy, and Darin Dietschy, have engaged in and are likely to continue to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), by making misrepresentations of material fact when marketing mortgage foreclosure rescue services. Specifically, there is good cause to believe that Defendants have represented, expressly or by implication, and continue to represent, expressly or by implication, that (1) Defendants will stop foreclosure in all or virtually all instances, when, in truth and in fact, Defendants do not stop foreclosure in all or virtually all instances, and (2) Defendants will refund most of the consumers' fees where foreclosure is not stopped, when, in truth and in fact, Defendants do not refund most of the consumers' fees in all instances where foreclosure is not stopped.  Accordingly, Defendants'

-2-

statements are false and misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Commission is likely to prevail on the merits of this action.

5.    There is good cause to believe that immediate and irreparable injury, loss, or damage to consumers will result from Defendants' ongoing violations of Section 5(a) of the FTC Act unless Defendants are preliminarily restrained and enjoined by Order of this Court.

6.    There is good cause to believe that immediate and irreparable injury, loss, or damage to the Court's ability to grant effective final relief in the form of monetary restitution will result from any sale, transfer, or other disposition or concealment by Defendants of their assets.

7.    The evidence contained in the Commission's complaint, declarations, exhibits, and memorandum of points and authorities shows that Defendants have engaged in a widespread effort to take money from consumers based upon false and deceptive acts and practices and that Defendants have obtained ill-gotten gains from these and other practices. Defendants are likely to attempt to conceal the scope of their illegal acts to avoid returning their ill-gotten gains to consumers injured by Defendants' unlawful practices unless Defendants are restrained and enjoined by Order of this Court. Accordingly, a freeze of Defendants' assets is reasonably necessary in order to preserve this Court's ability to award complete and meaningful relief at the conclusion of this litigation.

8.   Weighing the equities and considering Plaintiff's likelihood of success in this cause of action, issuance of this preliminary injunction is in the public interest.

9.   No security is required of any agency of the United States for issuance of a preliminary injunction. Fed. R. Civ. P. 65 ( c).

## DEFINITIONS

For purposes of this Preliminary Injunction with Asset Freeze and Other Equitable Relief ("Order"), the following definitions shall apply:

1.   **"Asset"** or **"assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes," (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.   **"Defendants"** means United Home Savers, LLP, Stephanie Dietschy and Darin Dietschy.

3.   **"Document"** is synonymous in meaning and equal in scope to the term, as defined in Federal Rule of Civil Procedure 34(a), and includes both documents and electronically stored information, including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable

-4-

form.  A draft or non-identical copy is a separate document within the meaning of this term.

    4.    **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

    5.    **"Mortgage foreclosure rescue service"** shall mean any service, product, or program wherein the offeror, expressly or by implication, claims that it can assist a homeowner in any manner to:  (A) stop, prevent, or postpone any home mortgage foreclosure sale; (B) obtain any forbearance from any beneficiary or mortgagee; © exercise any statutory right of reinstatement; (D) obtain any extension of the period within which the owner may reinstate his or her obligation; (E) obtain any waiver of an acceleration clause contained in any promissory note or contract secured by a deed of trust or mortgage on a residence in foreclosure or contained in that deed of trust or mortgage; (F) obtain a loan or advance of funds; (G) avoid or ameliorate the impairment of the owner's credit resulting from the recording of a notice of default or the conduct of a foreclosure sale; (H) save the owner's residence from foreclosure; or (I) assist the owner in obtaining from the beneficiary, mortgagee, trustee under a power of sale, or counsel for the beneficiary, mortgagee, or trustee, the remaining proceeds from the foreclosure sale of the owner's residence.  The foregoing shall include any manner of claimed assistance, including, but not limited to, debt, budget, or financial counseling; receiving money for the purpose of distributing it to creditors; contacting creditors on behalf of the homeowner; arranging or attempting to arrange for an extension of the period within which the owner of property sold at foreclosure may cure his or her default;

-5-

arranging or attempting to arrange for any delay or postponement of the time of a foreclosure sale; and giving advice of any kind with respect to filing for bankruptcy.

6.      **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

7.      **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

8.      The term **"and"** also means **"or,"** and the term **"or"** also means **"and."**

## I. PROHIBITED BUSINESS ACTIVITIES

A.      **IT IS HEREBY ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, or sale of any goods or services, including, but not limited to, mortgage foreclosure rescue services, Defendants, and officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby preliminarily restrained and enjoined from making any express or implied representation of material fact that is false or misleading, in any manner, orally or in writing, to any consumer, including, but not limited to, any false or misleading representation that (1) Defendants will stop foreclosure in all or virtually all instances or (2) Defendants will refund most of the consumers' fees in all instances where foreclosure is not stopped.

B.      **IT IS FURTHER ORDERED** that, if Defendants represent that they will

refund all or part of any fees or other monies to consumers, Defendants are enjoined from failing to honor that refund.

## II. PROHIBITION ON RELEASE OF CUSTOMER INFORMATION OR CUSTOMERS LISTS

**IT IS FURTHER ORDERED** that Defendants, and officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid money to any of the Defendants for purchase of any good or service or who were contacted or on a list to be contacted by any of the Defendants; provided that Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## III. ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants, and officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from:

A.      Assigning, concealing, converting, disbursing, dissipating, encumbering, liquidating, loaning, pledging, selling, spending, transferring, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, artwork, jewelry, automobiles, coins, consumer lists, contracts, precious metals, shares of stock, uncashed checks, or other assets, wherever located, that are: (1) owned or controlled by any Defendant, in whole or in part; (2) in the actual or constructive possession of any Defendant; (3) held by an agent of any Defendant as a retainer for the agent's provision of services to any Defendant; or (4) owned, controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership or other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Defendant, including, but not limited to, any asset held by or for any Defendant in any account at any bank or savings and loan institution or credit card processing agent, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, merchant account processor, check processor, money broker, or other financial institution or organization of any kind;

B.      Opening or causing to be opened any safe deposit boxes or commercial mail boxes titled in the name of any Defendant, or subject to access by any Defendant;

C.      Incurring charges or cash advances on any credit card, debit card, or lines of credit issued in the name, individually or jointly, of any Defendant;

D.      Obtaining a personal or secured loan; and

E.      Incurring liens or other encumbrances on real property, personal property,

-8-

or other asset held in the name, individually or jointly, of any Defendant.

   *Provided*, that the assets affected by this Section shall include: (1) all of the assets of the Defendants existing as of the date this Order was entered, (2) all assets acquired by Corporate Defendant after the effective date of this Order, and (3) all assets acquired by Individual Defendants after the effective date of this Order that are derived from or otherwise related to the sale or offering for sale of mortgage foreclosure rescue services.

## IV.  DUTIES OF THIRD PARTY ASSET HOLDERS

   **IT IS FURTHER ORDERED** that, effective immediately upon notification of this Order, any financial or brokerage institution, escrow agent, money market or mutual fund, title company, commodity trading company, common carrier, storage company, trustee, commercial mail receiving agency, merchant account processor, mail holding or forwarding company, creditor or credit card issuer, or any other person or entity having possession, custody or control of any assets or documents of any Defendant, or of any account, safe deposit box, or other asset of any Defendant, either individually or jointly, or held on behalf of or for the benefit of any Defendant, at any time since January 1, 2006, shall:

   A.    Hold and retain within its control and prohibit the assignment, dissipation, encumbrance, pledge, removal, sale, transfer, withdrawal, or other disposal of any of the assets or other property held by, under its control, or on behalf of any Defendant in any account maintained in the name of, or for the benefit or use of, any Defendant, in whole or in part, except as directed by further order of this Court, or by written agreement of

Plaintiff and the parties claiming an interest in such account or asset;

      B.     Deny Defendants access to any safe deposit boxes, commercial mail boxes, or storage facilities that are titled in the name, individually or jointly, of any Defendant, or otherwise subject to access by any Defendant;

      C.     Provide to counsel for the Commission, within five (5) business days of notice of this Order, a sworn statement setting forth:

          1.     The identification number of each account or asset titled in the name, individually or jointly, of any Defendant, or to which any Defendant is a signatory, or which is held on behalf of, or for the benefit or use  of, any Defendant or subject to any Defendant's control, including all trust accounts on behalf of any Defendant or subject to any Defendant's control;

          2.     The balance of each such account, or a description and appraisal of the value of such asset, as of the close of business on the day on which notice of this Order is received, and, if the account or asset has been closed or removed, or more than $1,000 withdrawn or transferred from it within the last ninety (90) days, the date of the closure or removal of funds, the total funds removed or transferred, and the name and account number of the person or entity to whom such account, funds, or other asset was remitted; and

          3.     The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the

-10-

name, individually or jointly, of any Defendant, or is otherwise
subject to access by any Defendant.

D.      Upon request by the Commission, provide copies of all records or other
documents pertaining to each such account or asset, including, but not limited to,
originals or copies of account applications, corporate resolutions, account statements,
signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all
other debit and credit instruments or slips, currency transaction reports, 1099 forms, and
safe deposit box logs, within five (5) days of said request. For the purposes of this
Section, the Commission may properly serve this Order on any financial or brokerage
institution, business entity or person that holds, controls or maintains custody of any
account or asset of any Defendant or has held, controlled or maintained custody of any
account or asset of any Defendant at any time since January 1, 2006, by facsimile
transmission, hand delivery, or overnight carrier. The assets affected by this Section
shall include both existing assets and assets acquired after the effective date of this Order.

## V.  MAINTAIN RECORDS AND REPORT NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants are hereby restrained and
enjoined from:

A.      Destroying, erasing, mutilating, concealing, altering, transferring, or
otherwise disposing of, in any manner, directly or indirectly, any books, records, tapes,
discs, accounting data, checks (fronts and backs), correspondence, forms, advertisements,
website designs and texts, telemarketing scripts or outlines, brochures, manuals, banking
records, customer lists, customer files, customer payment histories, invoices, telephone

-11-

records, ledgers, payroll records, or other documents of any kind, including electronically stored information, in their possession, custody, or control that relate to the business practices or business or personal finances of any Defendant from January 1, 2006, to the present;

      B.    Failing to create and maintain books, records, accounts, bank statements, accountants' reports, cash disbursement ledgers, cash receipt ledgers, general journals, general ledgers, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately, completely, and fairly reflect the Defendants' incomes, disbursements, transactions, and use of funds; and

      C.    Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## VI.    PRODUCTION OF DOCUMENTS

**IT IS FURTHER ORDERED** that Defendants shall produce to Plaintiff within five business days, if not already produced, all consumer complaints, sales scripts and any other scripts used by Defendants, lists of the names, addresses, and telephone numbers of all customers of Defendants and how much each customer paid to Defendants for their mortgage foreclosure services, and documents that state the annual sales volume

of Defendants for each year in business.

## VII.  DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy

of this Order to each affiliate, agent, partner, division, sales entity, successor, assignee,

officer, director, employee, independent contractor, spouse, Internet web host or master,

agent, attorney, and/or representative of Defendants and shall, within ten (10) days from

the date of entry of this Order, serve upon counsel for the Commission a sworn statement

that the Defendants have complied with this provision of this Order, which statement

shall include the names and addresses of each such person or entity who has received a

copy of the Order.

## VIII.  FINANCIAL REPORTS

**IT IS FURTHER ORDERED** that each Defendant shall, within five (5)

days of service of this Order, prepare and provide to counsel for the Commission, if not

already provided:

A.      A completed financial statement, accurate as of the date of service of this

Order upon Defendants, which shall include all financial information requested by the

Financial Statement of Individual Defendant, appended to the TRO, and Financial

Statement of Corporate Defendant, appended to the TRO, for each business entity under

which they conduct business, or of which they are an officer or member, and for each

trust of which they are a trustee.  The financial statements shall be accurate as of the date

of entry of this Order and shall be verified under oath; and

B.      The name, address and telephone number of each accountant, financial

planner, investment advisor, stock broker or other individual, corporation, or partnership whom they hired for financial, business or tax advice or services, since January 1, 2006.

## IX.   REPATRIATION OF FOREIGN ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that, within five (5) business days following service of this Order, Defendants shall, to the extent not already done so:

A.       Repatriate to the United States all funds, documents or assets in foreign countries held either: (1) by any Defendant; (2) for the benefit of any Defendant; or (3) under the direct or indirect control, jointly or individually, of any Defendant;

B.       The same business day as any repatriation, (1) notify counsel for the Commission of the name and location of the financial institution or other entity that is the recipient of such funds, documents or assets; and (2) serve this Order on any such financial institution or other entity; and

C.       Provide the Commission with a full accounting of all funds, documents, and assets outside of the territory of the United States held either: (1) by the Defendant; (2) for the Defendant's benefit; or (3) under the Defendant's direct or indirect control, individually or jointly.

## X.   INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by the preceding Section of this Order, including, but not limited to:

A.       Sending any statement, letter, fax, e-mail or wire transmission, or

-14-

telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time as all assets have been fully repatriated pursuant to the preceding Section of this Order; and

      B.      Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time as all assets have been fully repatriated pursuant to the preceding Section of this Order.

## XI.  SERVICE OF ORDER UPON THIRD PARTY ASSET HOLDERS

      **IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may otherwise be subject to any provision of this Order.  Service upon any branch or office of any financial institution or entity shall effect service upon the entire financial institution or entity.

## XII.  CREDIT REPORTS

      **IT IS FURTHER ORDERED** that the Commission may obtain credit reports concerning Defendants Stephanie Dietschy and Darin Diestchy pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such report is requested shall provide it to the Commission.

.       **XIII.  CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF**

**IT IS FURTHER ORDERED** that, for purposes of this Order, all

correspondence and pleadings to the Commission shall be addressed to:

>                Harold E. Kirtz, Esq.
>                Federal Trade Commission
>                225 Peachtree Street, Suite 1500
>                Atlanta, Georgia 30303
>                (404) 656-1357 (telephone)
>                (404) 656-1379 (facsimile)

Notice may be provided by email to hkirtz@ftc.gov.

**XIV.   MONITORING**

**IT IS FURTHER ORDERED** that agents or representatives of the Commission

may contact Defendants' agents or representatives directly and anonymously for

purposes of monitoring compliance with Section I of this Order.

**XV. RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this

matter for all purposes.

**IT IS SO ORDERED,** this ___12th___ day of ___September___, 2008, at _12:30 p._m.

_____

Hon. Virginia C. Herdandez Covington
United States District Judge

-16-

**AGREED AS TO FORM AND CONTENT:**

Harold E. Kirtz
Federal Trade Commission
225 Peachtree Street, Suite 1500
Atlanta, Georgia 30303
(404) 656-1357 (telephone)
(404) 656-1379 (fax)
hkirtz@ftc.gov
Attorney for Plaintiff

United Home Savers, LLP
By: Stephanie Dietschy
    President and Partner of
    United Home Savers, LLP


Stephanie Dietschy
Individually and as Officer and
    Partner of United Home
    Savers, LLP


Darin Dietschy
Individually and as Officer and
    Partner of United Home
    Savers, LLP

-17-